PAWB FORM 10 (3/12)

**Page 1**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number  **12-10676**

Debtor#1:  **Kenneth W Sterling**          Last Four (4) Digits of SSN: **xxx-xx-8655**
Debtor#2:  **Jodi Sterling**               Last Four (4) Digits of SSN: **xxx-xx-2706**

*Check if applicable*   ☐ **Amended Plan**   ☐ **Plan expected to be completed within the next 12 months**

**CHAPTER 13 PLAN DATED  June 1, 2012
COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004**

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of $ **1,785.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ | $ | $ |
| D#2 | $ **1,785.00** | $ | $ |

(Income attachments must be used by Debtors having attachable income)          (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN:** no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS:**
   i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
   ii.  The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
   iii. The payment shall be changed effective ___.
   iv.  The Debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.
The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___. All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*      Unpaid filing fees.
*Level Two:*      Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate protection payments.
*Level Three:*    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees.
*Level Four:*     Priority Domestic Support Obligations.
*Level Five:*     Post-petition utility claims.
*Level Six:*      Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Seven:*    All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Eight:*    Allowed general unsecured claims.
*Level Nine:*     Untimely filed unsecured claims for which the debtor has not lodged an objection.

**1.  UNPAID FILING FEES** ____

Filing fees: the balance of $ **0.00** shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**PAWB FORM10 (3/12)**

**Page 2**

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b, or 8b.*
Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326(a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3.(a)    LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **Select Portfolio Servicing xxxxxxxxx9768** | **Residence with 10 Acres Fair Market Value based on 2012 Tax Assessment (32,477.00 x 2.89) Location: 4422 Hatch Run Road, Warren PA 16365** | **1,000.00** | **8,000.00** |

**3.(b)** *Long term debt claims secured by PERSONAL property entitled to §1326(a)(1)(C) preconfirmation adequate protection payments:*

| -NONE- | | | |
|---|---|---|---|

**4.    SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

*4.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**4(b)** *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5.    SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

*5.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Ford Credit** | **2011 Ford Super Duty F-250 SRW Pick-Up Truck 16,000 Miles Location: 4422 Hatch Run Road, Warren PA 16365** | **19,156.00** | **5.25%** | **363.70** |

**5.(b)** *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

| Name the Creditor and identify the collateral with specificity. |
|---|
| **-NONE-** |

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. |
|---|
| **-NONE-** |

**8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

*8.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

*8.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest* | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **Warren County TCB** | **2,420.65** | **Real Estate** | | **Control #: 00027373**<br><br>**Warren County**<br>**Glade Township**<br>**Warren County School District** | **2011** |

  * *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor(s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐ As to "Name of Creditor," specify the actual payee, e.g. PA SCUDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly payment or Prorata |
|---|---|---|---|
| **-NONE-** | | | |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **-NONE-** | | | | |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
    a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.

**PAWB FORM10 (3/12)**

Page 4

b. Attorney fees are payable to __Daniel P. Foster PA 92376__. In addition to a retainer of $ __210.00__ already paid by or on behalf of the Debtor, the amount of $ __3,490.00__ is to be paid at the rate of $ __350.00__ per month. Including any retainer paid, a total of $ __3,700.00__ has been approved pursuant to a fee application. An additional $ __0.00__ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

### 13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| **-NONE-** | | | |

### 14. POST-PETITION UTILITY MONTHLY PAYMENTS This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. They may require additional funds from the Debtor(s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| **-NONE-** | | |

### 15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED. If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

### 16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS

Debtor(s) ESTIMATE that a total of $ __0.00__ will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a minimum of $ __0.00__ shall be paid to unsecured non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is __0__ %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. Creditors not specifically identified in Parts 1-15, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than 60 (sixty) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s) or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court a certification:

(1) that the debtor(s) is entitled to a discharge under the terms of Section 1328 of the Bankruptcy Code;
(2) specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the debtor(s) to pay a domestic support obligation that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid;

**PAWB FORM10 (3/12)**

Page 5

(3) that the debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in Section 1328(f)(1) or (2);

(4) that the debtor(s) has completed an instructional course concerning personal financial management within the meaning of Section 1328(g)(1); and

(5) that Section 1328(h) does not render the debtor(s) ineligible for a discharge.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor(s) and Debtor(s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record (or the Debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

| | |
|---|---|
| Attorney Signature | **/s/ Daniel P. Foster** |
| Attorney Name and Pa. ID # | **Daniel P. Foster PA 92376** |
| Attorney Address and Phone | **PO Box 966** <br> **Meadville, PA 16335** <br> **814.724.1165** |
| Debtor Signature | **/s/ Kenneth W Sterling** |
| Debtor Signature | **/s/ Jodi Sterling** |

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania
In re:                                                              Case No. 12-10676-TPA
Kenneth W Sterling
Jodi Sterling                                                       Chapter 13
        Debtors                  CERTIFICATE OF NOTICE
District/off: 0315-1         User: vkna                    Page 1 of 3                   Date Rcvd: Jun 04, 2012
                             Form ID: pdf900               Total Noticed: 44


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 06, 2012.
db/jdb        +Kenneth W Sterling,    Jodi Sterling,    PO Box 1513,    Warren, PA 16365-6513
cr            +Manufacturers and Traders Trust Company,    as Trust,    P.O. Box 65450,
                Salt Lake City, UT 84165-0450
13374394      +AARP Medicare Rx Plans,    PO Box 29300,   Hot Springs National Park, AR 71903-9300
13374395       American Security Insurance Company,    PO Box 50335,    Atlanta, GA 30302
13374397     ++COLLECT AMERICA LTD,    4340 S MONACO PKWY,    2ND FL,    DENVER CO 80237-3408
                (address filed with court:   CACV of Colorado LLC,     370 17th Street,    Denver, CO 80202)
13374396      +Cach Llc / Square Two Financial,    4340 South Monaco Street,    2nd Floor,    Denver, CO 80237-3408
13374399      +Capital One, N.a.,    Capital One Bank (USA) N.A.,    Po Box 30285,    Salt Lake City, UT 84130-0285
13374400      +Cbe Group,    1309 Technology Parkway,    Cedar Falls, IA 50613-6976
13374401      +Central Credit / Penn Credit Corporation,    916 South 14th Street,    Harrisburg, PA 17104-3425
13374402      +Comm Consumer Discount Company,    Po Box 863,   Warren, PA 16365-0863
13374403      +Credit Protection Association,    Attn: Bankruptcy,    Po Box 802068,    Dallas, TX 75380-2068
13374405      +Federal Pac Company,    1795 West 2300 Street,    Salt Lake City, UT 84119-2009
13374406      +First Premier Bank,    3820 North Louise Avenue,    Sioux Falls, SD 57107-0145
13374407      +First Premier Bank,    601 South Minnesota Avenue,    Sioux Falls, SD 57104-4868
13374408      +Ford Credit,    PO Box 6275,   Deerborn, MI 48121-6275
13374409      +GE Money Bank / HH Gregg,    Attention: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
13374410      +GE Money Bank / JCPenney,    Attention: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
13374411      +Great Lakes Home Healthcare,    PO Box 643730,    Pittsburgh, PA 15264-3730
13374412      +Hamot Medical Center,    C/O Patient Accounts,    201 State Street,    Erie, PA 16550-0002
13374413      +Hamot Surgery Center, LLC,    200 State Street,    Erie, PA 16507-1499
13374414      +Hsbc / RS,    Attn: Bankruptcy Department,    Po Box 5263,    Carol Stream, IL 60197-5263
13374415      +Hsbc Bank,    Attn: Bankruptcy,    Po Box 5213,    Carol Stream, IL 60197-5213
13374417      +Instant Diagnostic Systems,    PO Box 2449,   Decatur, AL 35602-2449
13374418      +Law Firm of Allan C. Smith, PC,    The Bucks County Office Center,    1276 Veterans Highway,
                Suite E-1,    Bristol, PA 19007-2597
13374423     ++NORTHWEST SAVINGS BANK,    P O BOX 337,    WARREN PA 16365-0337
                (address filed with court:   Northwest Savings Bank,    100 Liberty Street,    Warren, PA 16365)
13374420      +National Recovery Agency,    2491 Paxton Street,    Harrisburg, PA 17111-1036
13374421      +Nfo Irvine Federal Credit Union,    Po Box 723,    Warren, PA 16365-0723
13374422      +North American Partners in Anesthesia,    Pennsylvania, LLP,    PO Box 275,
                Glen Head, NY 11545-0275
13374425      +Palisades Collection, LLC,    PO Box 1244,    Englewood Cliffs, NJ 07632-0244
13374426      +Providian / Chase,    Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
13374427      +Sams Club / GE Money Bank,    Attention: Bankruptcy Department,     Po Box 103104,
                Roswell, GA 30076-9104
13374428      +Sears / Cbna,    Po Box 6189,   Sioux Falls, SD 57117-6189
13374429      +Seventh Avenue,    1112 7th Avenue,    Monroe, WI 53566-1364
13374430      +Tractor / Cbsd,    Po Box 6500,   Sioux Falls, SD 57117-6500
13392763      +Warren Area Federal Credit Union,    1513 PA Avenue East,    Warren, PA 16365-3142
13374431      +Warren County Tax Claim Bureau,    204 4th Avenue,    Warren, PA 16365-2362
13374432      +Warren General Hospital,    Two Crescent Park West,    PO Box 68,    Warren, PA 16365-0068
13374433      +Weisfield Jewelers/Sterling Jewelers Inc,    Attn: Bankruptcy,    Po Box 1799,
                Akron, OH 44309-1799
13374435      +Wyrhsr Mtg / Select Portfolio Servicing,    Po Box 65250,    Salt Lake City, UT 84165-0250

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13374398      +E-mail/Text: COAFINTERNALBKTEAM@CAPITALONEAUTO.COM Jun 05 2012 03:27:45
                Capital One Auto Finance,    3905 North Dallas Parkway,    Plano, TX 75093-7892
13374404      +E-mail/Text: bknotice@erccollections.com Jun 05 2012 04:49:02      Enhanced Recovery Corporation,
                Attention: Client Services,    8014 Bayberry Road,    Jacksonville, FL 32256-7412
13374416      +E-mail/Text: Bankruptcy@icsystem.com Jun 05 2012 04:37:17      IC Systems, Inc.,
                Attn: Bankruptcy,    Po Box 64378,    Saint Paul, MN 55164-0378
13374419      +E-mail/Text: resurgentbknotifications@resurgent.com Jun 05 2012 02:11:07      Lvnv Funding Llc,
                Po Box 740281,    Houston, TX 77274-0281
13379491       E-mail/Text: ebn@vativrecovery.com Jun 05 2012 04:05:20      Palisades Collections, LLC,
                Vativ Recovery Solutions LLC, dba SMC,    As Agent For Palisades Collections, LLC,    PO Box 40728,
                Houston TX 77240-0728
                                                                                               TOTAL: 5

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13374434*     +Weisfield Jewelers/Sterling Jewelers Inc,    Attention: Bankruptcy,    Po Box 1799,
                Akron, OH 44309-1799
13374424     ##+Onemain Financial,    Po Box 499,   Hanover, MD 21076-0499
                                                                                   TOTALS: 0, * 1, ## 1

Addresses marked ‘+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked ‘++’ were redirected to the recipient’s preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0315-1           User: vkna                  Page 2 of 3                   Date Rcvd: Jun 04, 2012
                               Form ID: pdf900             Total Noticed: 44
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 06, 2012**                         **Signature:**    _Joseph Speetjens_

```
District/off: 0315-1          User: vkna                   Page 3 of 3                   Date Rcvd: Jun 04, 2012
                              Form ID: pdf900              Total Noticed: 44


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 1, 2012 at the address(es) listed below:
              Daniel P. Foster    on behalf of Debtor Kenneth Sterling dan@mrdebtbuster.com,
               jaime@mrdebtbuster.com
              Kristen D. Little    on behalf of Creditor  Manufacturers and Traders Trust Company,  as Trustee,
               By and Through its Loan Servicing Agent, Select Portfolo Servicing, Inc. kristenl@lobaf.com,
               juliep@lobaf.com;lobafbk@yahoo.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 4
```