PAWB FORM 10 (3/12)

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number **12-10676**

Debtor#1: **Kenneth W Sterling**     Last Four (4) Digits of SSN: **xxx-xx-8655**
Debtor#2: **Jodi Sterling**     Last Four (4) Digits of SSN: **xxx-xx-2706**

*Check if applicable*     ☐ **Amended Plan**     ☐ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED **June 1, 2012**
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of $ **1,785.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ | $ | $ |
| D#2 | $ **1,785.00** | $ | $ |

(Income attachments must be used by Debtors having attachable income)     (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN:** no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS:**
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
  iii. The payment shall be changed effective ___.
  iv. The Debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.
The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___. All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*     Unpaid filing fees.
*Level Two:*     Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate protection payments.
*Level Three:*   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees.
*Level Four:*    Priority Domestic Support Obligations.
*Level Five:*    Post-petition utility claims.
*Level Six:*     Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Seven:*   All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Eight:*   Allowed general unsecured claims.
*Level Nine:*    Untimely filed unsecured claims for which the debtor has not lodged an objection.

1. **UNPAID FILING FEES** ____

Filing fees: the balance of $ **0.00** shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**EXHIBIT "A"**

Case 12-10676-TPA    Doc 20-1    Filed 06/12/12    Entered 06/12/12 12:07:20    Desc
Exhibit    Page 2 of 5

Case 12-10676-TPA    Doc 12    Filed 06/01/12    Entered 06/01/12 20:26:42    Desc Main
Document    Page 2 of 13

**PAWB FORM10 (3/12)**

Page 2

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b, or 8b.*
Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326(a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3.(a)    LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **Select Portfolio Servicing xxxxxxxx9768** | **Residence with 10 Acres Fair Market Value based on 2012 Tax Assessment (32,477.00 x 2.89) Location: 4422 Hatch Run Road, Warren PA 16365** | **1,000.00** | **8,000.00** |

**3.(b)** *Long term debt claims secured by PERSONAL property entitled to §1326(a)(1)(C) preconfirmation adequate protection payments:*

| -NONE- | | | |
|---|---|---|---|

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

*4.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**4(b)** *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

*5.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Ford Credit** | **2011 Ford Super Duty F-250 SRW Pick-Up Truck 16,000 Miles Location: 4422 Hatch Run Road, Warren PA 16365** | **19,156.00** | **5.25%** | **363.70** |

**5.(b)** *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **-NONE-** | | | | |

Page 3

### 6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER

| Name the Creditor and identify the collateral with specificity. |
|---|
| -NONE- |

### 7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:

| Name the Creditor and identify the collateral with specificity. |
|---|
| -NONE- |

### 8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.

*8.(a) Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| -NONE- | | | |

*8.(b) Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| -NONE- | | | |

### 9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest* | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **Warren County TCB** | **2,420.65** | **Real Estate** | | **Control #: 00027373**<br><br>**Warren County**<br>**Glade Township**<br>**Warren County School District** | **2011** |

*\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

### 10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:

If the Debtor(s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐ As to "Name of Creditor," specify the actual payee, e.g. PA SCUDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly payment or Prorata |
|---|---|---|---|
| -NONE- | | | |

### 11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| -NONE- | | | | |

### 12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID
    a.   Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.

Case 12-10676-TPA    Doc 20-1    Filed 06/12/12    Entered 06/12/12 12:07:28    Desc
Exhibit    Page 4 of 13

Case 12-10676-TPA    Doc 12    Filed 06/01/12    Entered 06/01/12 20:26:42    Desc Main
Document    Page 4 of 5

PAWB FORM10 (3/12)

Page 4

b. Attorney fees are payable to __**Daniel P. Foster PA 92376**__. In addition to a retainer of $ __**210.00**__ already paid by or on behalf of the Debtor, the amount of $ __**3,490.00**__ is to be paid at the rate of $ __**350.00**__ per month. Including any retainer paid, a total of $ __**3,700.00**__ has been approved pursuant to a fee application. An additional $ __**0.00**__ will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13.    OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| -NONE- | | | |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. They may require additional funds from the Debtor(s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| -NONE- | | |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of $ __**0.00**__ will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a minimum of $ __**0.00**__ shall be paid to unsecured non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is __**0**__ %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. Creditors not specifically identified in Parts 1-15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than 60 (sixty) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s) or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court a certification:

(1) that the debtor(s) is entitled to a discharge under the terms of Section 1328 of the Bankruptcy Code;
(2) specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the debtor(s) to pay a domestic support obligation that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid;

Case 12-10676-TPA Doc 20-1 Filed 06/12/12 Entered 06/12/12 12:07:22 Desc Exhibit Page 5 of 5

Case 12-10676-TPA Doc 12 Filed 06/01/12 Entered 06/01/12 20:26:42 Desc Main Document Page 5 of 13

**PAWB FORM10 (3/12)**

**Page 5**

(3) that the debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in Section 1328(f)(1) or (2);

(4) that the debtor(s) has completed an instructional course concerning personal financial management within the meaning of Section 1328(g)(1); and

(5) that Section 1328(h) does not render the debtor(s) ineligible for a discharge.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor(s) and Debtor(s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record (or the Debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

| | |
|---|---|
| Attorney Signature | /s/ Daniel P. Foster |
| Attorney Name and Pa. ID # | Daniel P. Foster PA 92376 |
| Attorney Address and Phone | PO Box 966<br>Meadville, PA 16335<br>814.724.1165 |
| Debtor Signature | /s/ Kenneth W Sterling |
| Debtor Signature | /s/ Jodi Sterling |

10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF PENNSYLVANIA | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: **Kenneth W. Sterling and Jodi Sterling** | Case Number : **12-10676-TPA** | |

NOTE: *Do note use this form to make a claim for administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **Manufacturers and Traders Trust Company, as Trustee, on Behalf of the Holders of the Home Equity Loan Pass-Through Certificates, Series 1999-3, By and Through its Loan Servicing Agent, Select Portfolio Servicing,**

| Name and address where notices should be sent:<br>**The Law Offices of Barbara A. Fein, P.C.**<br>**721 Dresher Road, Suite 1050**<br>**Horsham, PA 19044**<br><br>Telephone number: **(215) 653-7450**   email: **kristend@lobaf.com** | ❏ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**<br>   *(If known)*<br><br>Filed on: |
|---|---|
| Name and address where payment should be sent (if different from above): **Manufacturers and Traders Trust Company, as Trustee, on Behalf of the Holders of the Home Equity Loan Pass-Through Certificates, Series 1999-3, By and Through its Loan Servicing Agent, Select Portfolio Servicing, Inc.**<br><br>**P.O. Box 65450, Salt Lake City, UT 84165**<br><br>Telephone number: **(888) 818-6032**   email: | ❏ Check this box if you are aware that anyone else has filed a has filed a proof of claim relating to this claim. Attach a copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**       $**95,204.64**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitles to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2. Bases for Claim:** Mortgage Note
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>   9768 | 3a. Debtor may have scheduled account as:<br> Mortgage Holder<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional)<br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property ir right of setoff:** ■ Real Estate   ❏ Motor Vehicle   ❏ Other
**Describe: 4422 Hatch Run Road, Warren, PA 16365**

**Value of Property: $ 95,204.64**

**Annual Interest Rate 9.50** %   ■ Fixed   or   ❏ Variable
**(when case was filed)**

**Amount of arrearage on other charges, as of the time case was filed, included in secured claim, if any:**

$**16,341.40**

**Basis for Perfection:** _____

**Amount of Secured Claim:**       $**95,204.64**

**Amount Unsecured:**       $_

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the clam falls into one of the following categories, check the box specifying the priority and state the amount.

| ❏ Domestic support obligation under 11 U.S.C.§507(a)(1)(A) ir (a)(1) (B). | ❏ Wages, salaries, or commissions (up to $1,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C.§507 (a)(4). | ❏ Contributions to an employee benefit plan– 11 U.S.C.§507(a)(5). | **Amount entitled to priority:** |
|---|---|---|---|
| ❏ Up to $2,600* of deposits toward purchase, lease or rental of property or services for personal, family, or household use – 11 U.S.C.§507 (a)(7). | ❏ Taxes or penalties owed ti governmental units – 11U.S.C.§ 507 (a)(8). | ❏ Other – Specify applicable paragraph of 11 U.S.C.§507 (a)(___). | $ |

\* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**EXHIBIT "B"**

B 10 (Official Form 10) (12/11) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "**redacted**".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction#8)

Check the appropriate box.

☐ I an the creditor.   ■ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor; surety, indorser; or other codebtor.
                      (Attach copy of power of attorney, if any.)   or their authorized agent.          (See Bankruptcy Rule 3005)
                                                                   (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Kristen D. Little
Title:       Attorney for Movant
Company:     The Law Offices of Barbara A. Fein, P.C.
                                                                   /s/ Kristen D. Little, Esquire      June 5, 2012
Address and telephone number (if different from notice address above):   (Signature)                    (Date)
 721 Dresher Road, Suite 1050
 Horsham, PA 190444

Telephone number: (215) 653-7450    email: kristend@lobaf.com

*Penalty for presenting fraudulent claim:* Fine up to $50,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§ § 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. IN certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury /wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may roper it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services limit disclosing confidential health care information.
Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 901 I (b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10A (attachment A) (12/11)
**Mortgage Proof of Claim Attachment**

**If you file a claim secured by security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim.** See Bankruptcy Rule 3001 (c)(2)

| | | | |
|---|---|---|---|
| Name of debtor: | **Kenneth W. Sterling and Jodi Sterling** | Case Number: | **12-10676-TPA** |
| Name of creditor: | **Manufacturers and Traders Trust Company, as Trustee, on Behalf of the Holders of the Home Equity Loan Pass-Through Certificates, Series 1999-3, By and Through its Loan Servicing Agent, Select Portfolio Servicing, Inc.** | **Last four digits** of any number you identifies debtor's account: | **9768** |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemized the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in item 1 on your Proof of Claim form).

**1. Principal due** (1) $79,895.66

**2. Interest due**

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 9.50% | 12/04/2011 | 05/07/2012 | $3,232.64 |
| % | | | $ |
| % | | | $ |
| % | | | $ |
| % | | | $ |
| % | | | +$ |

Total interest due as of the petition date     $3,232.64 Copy total here ➤   (2)  $3,232.64

**3. Total Principal and interest due** (3) $83,128.30

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

**Itemize the fees, expenses, and charges due on the claim as of the petition date** (included in the Amount of Claim listed in Item1 on the proof of claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| **1. Late charges** | | (1) | **$3,121.85** |
| **2. Non-sufficient funds (NSF) Fees** | | (2) | **$40.00** |
| **3. Attorney's fees** | **See Attached** | (3) | **$413.25** |
| **4. Filing Fees and court costs** | **See Attached** | (4) | **$527.50** |
| **5. Advertising costs** | | (5) | $ |
| **6. Sheriff/auctioneer fees** | | (6) | $ |
| **7. Title costs** | | (7) | $ |
| **8. Recording fees** | | (8) | $ |
| **9. Appraisal/broker's price opinion fees** | | (9) | $ |
| **10. Property inspection fees** | | (10) | **$30.00** |
| **11. Tax advances (non-escrow)** | | (11) | $ |
| **12. Insurance advances (non-escrow)** | | (12) | $ |

| | | | |
|---|---|---|---|
| **13. Escrow shortage or deficiency** (Do not include amounts that are part of any installment payment listed in Part 3) | See Attached | (13) | **$6,664.05** |
| **14. Property preservation expenses. Specify:**_____ | | (14) | **$** |
| **15. Other, Specify:** Attorney's Fees for Current Bankruptcy Filing | | (15) | **$275.00** |
| **16. Other, Specify: Interest on Advances** | | (16) | **$338.24** |
| **17. Other, Specify: Payoff Fees** | | (17) | **$100.00** |
| **18. Other, Specify: Payment Shortage Advances** | | (17) | **$21.59** |
| **19. Other, Specify: Post-Petition Funding of Escrow** | | (17) | **$59.06** |
| **20. Other, Specify: Fax Fees** | | (17) | **$30.00** |
| **21: Total prepetition fees, expenses, and charges. Add all of the amounts listed above.** | | (18) | **$11,620.54** |

**Part 3: Statement of Amount Necessary to Cure Default as of the Petition Date**

**Does the installment payment amount include an escrow deposit?**

❏ No

■ Yes   Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

---

1. **Installment payments due**   Date last payment received by creditor   **02/13/2012**
   mm/dd/yyyy

   Number of installment payment due   **5**

2. **Amount of Installment payments due**

   | **5** | Installments @ **$1,053.16** | $5,265.80 |
   |---|---|---|
   |   | Installments @ | $ |
   |   | Installments @ | $ |
   |   | Installments @ | $ |
   |   | Installments @ | $ |
   |   | Installments @ | $ |

   **Total installment payments due as of the petition date**   $5,265.80   Copy total here ➤ (2) $5,265.80

3. **Calculation of cure amount**

   **Add** total pre-petition fees, expenses and charges   Copy total from Part 2 here ➤ +
   11,620.54

   **Subtract** total of unapplied funds (funds received but not credited to the account   - **$544.94**

   **Subtract** amounts for which debtor is entitled to a refund   - $

   Total amount necessary to cure default as of the petition date   (3) **$16,341.40**
   Copy total onto Item 4 of Proof of Claim form

PLEASE NOTE:

THE AMOUNT DUE FOR THE FIRST POST-PETITION PAYMENT DUE ON JUNE 4, 2012 IS $1,053.16 AND WILL DECREASE EFFECTIVE JULY 4, 2012 TO $949.21 PURSUANT TO THE ESCROW ANALYSIS ATTACHED AS AN EXHIBIT.

B6I (Official Form 6I) (12/07)

In re **Kenneth W Sterling**
**Jodi Sterling**
Debtor(s)

Case No. **12-10676**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Disabled** | **Payroll Clerk** |
| Name of Employer | | **United Refining Company** |
| How long employed | **15 Years** | **20 Years** |
| Address of Employer | | **PO Box 780** **Warren, PA 16365** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 2,437.70 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 2,437.70 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ 556.75 |
|    b. Insurance | $ 0.00 | $ 0.00 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 556.75 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 1,880.95 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): **Social Security Disability** | $ 1,650.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 92.34 | $ 0.00 |
| 13. Other monthly income (Specify): **2011 Prorated Tax Refund** | $ 252.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,994.34 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,994.34 | $ 1,880.95 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 3,875.29 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**EXHIBIT "C"**

B6J (Official Form 6J) (12/07)

In re **Kenneth W Sterling**
**Jodi Sterling**
Debtor(s)

Case No. **12-10676**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
|    a. Are real estate taxes included? Yes ___ No **X** | | |
|    b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 400.00 |
|              b. Water and sewer | $ | 0.00 |
|              c. Telephone | $ | 0.00 |
|              d. Other **See Detailed Expense Attachment** | $ | 215.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 78.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 30.00 |
| 6. Laundry and dry cleaning | $ | 35.00 |
| 7. Medical and dental expenses | $ | 80.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 45.00 |
| 10. Charitable contributions | $ | 20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|           a. Homeowner's or renter's | $ | 67.50 |
|           b. Life | $ | 0.00 |
|           c. Health | $ | 0.00 |
|           d. Auto | $ | 107.00 |
|           e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) **Real Estate Taxes** | $ | 170.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|           a. Auto | $ | 0.00 |
|           b. Other | $ | 0.00 |
|           c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Misc Expenses - Household and Personal Items** | $ | 90.00 |
|     Other **Pet Expense** | $ | 45.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,082.50 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ | 3,875.29 |
| b. Average monthly expenses from Line 18 above | $ | 2,082.50 |
| c. Monthly net income (a. minus b.) | $ | 1,792.79 |

**EXHIBIT "D"**

B6J (Official Form 6J) (12/07)

In re **Kenneth W Sterling / Jodi Sterling**, Debtor(s)  Case No. **12-10676**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| **Cable** | $ 100.00 |
| **Cell Phone** | $ 90.00 |
| **Garbage** | $ 25.00 |
| **Total Other Utility Expenditures** | $ 215.00 |